IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**FILED**

MAR − 7 2007 *rg*

**MICHAEL W. DOBBINS**
**CLERK, U.S. DISTRICT COURT**

EFRAN GUTIERREZ,　　　　　　　　　)
　　　　　Plaintiffs,　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
OFFICERS KEITH HERRARA,　　　　　　)
STAR #17289, OFFICER RILEY　　　　　)
STAR #11197, JEROME FINNEGAN　　　　)
STAR #5176, OFFICER BURCINSKI　　　　)
STAR#3450, FRANK VILLAREAL　　　　　)
STAR #10438, MARGARET HOPKINS　　　)
#5545, and THE CITY OF CHICAGO,　　　)
　　　　　Defendants.　　　　　　　　　)

07CV1284
JUDGE ANDERSEN
MAG.JUDGE BROWN

JUDGE ANDERSEN

MAGISTRATE JUDGE
GERALDINE SOAT BROWN

## COMPLAINT

### JURISDICTION AND VENUE

1.　　This Court has jurisdiction based on 28 U.S.C. §§1331 and 1343(a) because the case raises federal constitutional issues.

2.　　The Court has supplementary jurisdiction over substantially related state claims based on 28 U.S.C. 1367(a).

3.　　This is an appropriate venue because all of the alleged acts occurred within the Northern District of Illinois and all of the parties reside within the Northern District of Illinois.

4.　　This action is brought pursuant to 42 U.S.C. §1983 and §1988 for violations of Plaintiff s constitutional rights under the Fourth Amendment as incorporated and applied to state governments through the Fourteenth Amendment to the United States Constitution.

### PARTIES

5.     Plaintiff Efran Gutierrez is a Hispanic male and is a citizen of the United States and resident of Chicago, Illinois.

6.     Defendant Officer Frank Villareal Star #10438, is a police officer employed by the City of Chicago, and was on duty and acting under color of law at all times relevant to the facts alleged in this Complaint. Defendant Officer Villareal is being sued individually.

7.     Defendant Officer Burzinski Star #3450, is a police officer employed by the City of Chicago, and was on duty and acting under color of law at all times relevant to the facts alleged in this Complaint. Defendant Officer Burzinski is being sued individually.

8.     Defendants Officer Margaret Hopkins Star # 5545, is a police officer employed by the City of Chicago, and was on duty and acting under color of law at all times relevant to the facts alleged in this Complaint. Defendant Officer Hopkins is being sued individually.

9.     Defendants Officer Keith Herrera Star # 17289, is a police officer employed by the City of Chicago, and was on duty and acting under color of law at all times relevant to the facts alleged in this Complaint. Defendant Officer Herrera is being sued individually.

10.     Defendant Officer Riley Star #11197, is a police officer employed by the City of Chicago, and was on duty and acting under color of law at all times relevant to the facts alleged in this Complaint. Defendant Officer Star is being sued individually.

11.     Defendant Officer James Finnegan Star #5176, is a police officer employed by the City of Chicago, and was on duty and acting under color of law at all times

2

relevant to the facts alleged in this Complaint. Defendant Officer James Finnegan Star #5176 is being sued individually.

12. The City of Chicago is a municipality organized under the laws of the State of Illinois and it is the employer of Defendant Police Officers Keith Herrera. Frank Villareal, Margaret Hopkins, Officer Riley, Officer Burcinski, and Jerome Finnegan.

# COUNT I - THE FOURTH AMENDMENT VIOLATION

## FACTS

13. On June 24, 2005 at approximately, 3:00 p.m., Efran Gutierrez received a telephone call at his mother's home from his girlfriend, Laura Torres, requesting that he meet her at her home at 4024 S. Artesian, Chicago, IL. Prior to this phone call, Ms. Torres was in the custody of the Defendant Officers, who then forced Ms. Torres to make the call to Mr. Gutierrez.

14. After receiving the call from Lauren Torres, Plaintiff got into his car and drove to Laura Torres home.

15. Plaintiff parked his vehicle on the corner of 40th and Artesian. At that moment, the Defendant Officers police vehicle pulled up next to Plaintiff and asked him for his name and identification. Plaintiff complied. Shortly thereafter, Plaintiff was ordered out of his vehicle, arrested, handcuffed, and placed in a squad car.

16. Defendant Officers also began to beat Plaintiff while he was outside of vehicle and handcuffed. During the course of this event, Defendant Officers yelled racial epithets at Plaintiff.

17. At no time did the Defendant Officers question Plaintiff or inform him of why he was arrested.

18. While Plaintiff was arrested and handcuffed in the vehicle, Defendant Officer Villareal made radio contact with Defendant Officer Herrera who soon afterwards arrived at the scene of the arrest.

19. When Defendant Officer Herrera arrived at the location of the arrest, he approached the vehicle and told Plaintiff that he had found a block of cocaine and a gun at Plaintiff's girlfriend's home, Laura Torres. Plaintiff denied any knowledge of there being cocaine and a gun at this location.

20. Defendant Officer Herrera further stated that he knew that Plaintiff was on Parole for a 2001 cocaine and weapons conviction and if he didn't cooperate the Defendant Officers would plant the drugs and gun on him and "violate his ass" and "send him back to prison where he belongs." Plaintiff was charged and convicted in 2001 for cocaine possession and unlawful use of a weapon and was released on parole on May 14, 2004.

21. Defendant Officers continued to beat Plaintiff and proceeded to verbally threaten and curse at Plaintiff, as they demand that Plaintiff give the Defendant Officers names of other drug dealers.

22. Additionally, Defendant Officers demanded to know if anyone was home or if there were any drugs or money at Plaintiff's home on 4611 S. Rockwell, Chicago, Illinois. Plaintiff replied that there was no one was home nor was there any drugs or money at his residence. Defendant Officer Herrera immediately called ahead to Defendant Officers to inform them that no one was home at Plaintiff's residence on 4611 S. Rockwell and that they were on the way to the Plaintiff's residence with the keys to the home.

32.     While at the police station Plaintiff was falsely charged under case number 05CR11284670, for failure to stop at stop sign, no valid driver's license, and possession of a controlled substance and unlawful possession of a weapon.

33.     As a result of these new charges, Plaintiff was charged with Violation of Parole under case number 05 CR 1707201 and unjustifiably incarcerated for eight months in Cook County Jail and Statesville Prison.

34.     The June 24, 2005 charges were subsequently dismissed Nolle Prosequi on July 14, 2005.

35.     The Violation of Parole, in which Plaintiff spent 8 months incarcerated, was subsequently dismissed on September 14, 2006.

36.     The Defendant officers detained the Plaintiff in violation of Plaintiffs' rights under the Fourth Amendment.

37.     As a direct and proximate result of the unconstitutional detention, the Plaintiff suffered actual harm.

        WHEREFORE, Plaintiff demand in excess of $8,000,000 in compensatory damages against Defendant Police Officers Keith Herrera, Frank Villareal, Margaret Hopkins, Officer Riley, Officer Burcinski and Jerome Finnegan and because the Defendants acted maliciously, willfully and/or wantonly, $8,000,000 individually in punitive damages, plus cost, attorney's fees, plus pre-judgment and post-judgment interests at 10 % and such other additional relief as this Court deems equitable and just.

## COUNT II
## (42 U.S.C. SECTION 1983 – FALSE ARREST)

1-37.   Plaintiff alleges and realleges paragraphs 1 through 37 as fully set forth in Count I and 1 through 37 of Count II.

38.    The Defendant Police Officers Keith Herrera, Frank Villareal, Margaret
Hopkins, Officer Burcinski, Officer Riley, and Jerome Finnegan wrote false and
misleading police reports alleging that the Plaintiff possessed narcotics on June 24,
2006.

39.    Ultimately, the Cook County State's Attorney's Office dismissed all of the
charges arising from the arrest of June 24, 2006, Nolle Prosequi on September 14,
2006.

40.    Plaintiff was incarcerated from June 24, 2005 until February 8, 2006 the date
of the Plaintiff's parole violation was terminated.

41.    The above acts of the Defendant Officers Keith Herrera, Juan Hernandez,
Margaret Hopkins, and Frank Villareal, were willfully and wantonly done without
probable cause and was a direct and proximate cause of Efran Gutierrez pain,
suffering and mental anguish, and therefore violated the Plaintiff's Forth Amendment
right to be free from unreasonable arrest, search and seizure.

        WHEREFORE, Plaintiff demand in excess of $8,000,000 in compensatory
damages against Defendant Police Officers Keith Herrera, Frank Villareal, Margaret
Hopkins, Officer Riley, Officer Burcinski and Jerome Finnegan and because the
Defendants acted maliciously, willfully and/or wantonly, $8,000,000 individually in
punitive damages, plus cost, attorney's fees, plus pre-judgment and post-judgment
interests at 10%, and such other additional relief as this Court deems equitable and
just.

## COUNT III
### (State Malicious Prosecution)

1-41.   Plaintiff re-alleges paragraphs 1-41 of Counts I and II as paragraphs 1-41 of
Count III.

7

42. Defendant officers wrote false and misleading police reports regarding the arrest of plaintiff, including but not limited to stating that they witnessed the Plaintiff run a stop sign on the corner of 40th and Artesian and that Plaintiff did not have a valid drivers license, and that Plaintiff was in possession of 60 grams of cocaine and a handgun on June 24, 2005.

43. The above prosecution was initiated by the Defendants to cover up the illegal search and seizure of Plaintiff's automobile and subsequent illegal search and seizure of Plaintiff's home.

44. The Defendants knew their false police reports would be relied on by superior officers and Assistant State's Attorneys to determine charges against the plaintiff.

45. Based on the Defendants' false reports, Plaintiff was charged under case number 05CR112846701 with possession of narcotics and a handgun and for violation of parole under case number 05CR1707201.

46. The unjustifiable prosecution was resolved in the Plaintiff's behalf and, therefore, said prosecution was in violation of the Illinois law.

47. The unjustifiable prosecution of the Plaintiff was done willfully and wantonly and was the direct and proximate cause of the physical and mental injuries suffered by the Plaintiff.

**WHEREFORE**, Plaintiff demand in excess of $8,000,000 in compensatory damages against Defendant Police Officers Keith Herrera, Frank Villareal, Margaret Hopkins, Officer Riley, Officer Burcinski and Jerome Finnegan and because the Defendants acted maliciously, willfully and/or wantonly, $8,000,000 individually in punitive damages, plus cost, attorney's fees, and such other additional relief as this

8

Court deems equitable and just, plus pre-judgment and post-judgment interests at 10
%.

## COUNT IV
### (Supplemental State Claim for Assault and Battery)

1-47. Plaintiff re-alleges paragraphs 1-47 of counts I, II, and III as paragraphs 1-47
of Count IV.

48. As a result of the unreasonable and unjustifiable attack on Efran Gutierrez, he
suffered both physical and emotional injuries.

49. This unreasonable and unjustifiable beating of the Plaintiff Efran Gutierrez by
Defendant Officers was a direct and proximate cause of his pain, suffering and
mental anguish. This act by the above individual Defendants violated the Plaintiff's
Fourth Amendment right to be free from unreasonable seizures, in addition to a
violation of 42 U.S.C. § 1983.

**WHEREFORE**, Plaintiff demand in excess of $8,000,000 in compensatory
damages against Defendant Police Officers Keith Herrera, Frank Villareal, Margaret
Hopkins, Officer Burcinski, Officer Riley and Jerome Finnegan and because the
Defendants acted maliciously, willfully and/or wantonly, $8,000,000 individually in
punitive damages, plus cost, attorney's fees, plus pre-judgment and post-judgment
interests at 10 % and such other additional relief as this Court deems equitable and
just.

## COUNT V
### (Supplemental State Law Claim for Intentional Infliction of Emotional Distress)

1-49. Plaintiff re-alleges paragraphs 1-49 of Counts I, II, III and IV as paragraphs 1-
49 of Count V.

9

50. Defendant Police Officers Keith Herrera, Frank Villareal, Margaret Hopkins, Officer Riley, Officer Burcinski and Jerome Finnegan intentionally engaged in extreme and outrageous behavior against Efran Gutierrez, including, but not limited to, threatening Plaintiff's life and liberty, unjustifiable beating of Plaintiff, and the unconstitutional detention of Plaintiff for eight months causing him mental injuries.

51. Defendant Police Officers Keith Herrera, Frank Villareal, Margaret Hopkins, Officer Riley, Officer Burcinski and Jerome Finnegan are liable for the intentional infliction of emotional distress because it was proximately caused by their actions as set forth above.

52. The Defendants' outrageous behavior caused Efran Gutierrez to suffer mental and emotional distress including fear, anger, humiliation and the injuries set forth above.

WHEREFORE, Plaintiff demands compensatory damages not in excess of $50,000, jointly and severally from the Defendant Police Officers Keith Herrera, Frank Villareal, Margaret Hopkins, Officer Riley, Officer Burcinski and Jerome Finnegan plus costs, plus pre-judgment interest and post-judgment interest at 10% and additional relief this Court deems equitable and just.

## COUNT VI
### (Respondent Superior under Illinois Law / City of Chicago)

1-52. Plaintiff re-alleges paragraphs 1-52 of Counts I, II, III, IV and V as paragraphs 1-52 of Count VI.

53. At all relevant times 745 ILCS 10/9-102 was in full force and effect.

54. The Defendant Officers were acting under color of state law and as employees of the City of Chicago.

10

55.    The aforesaid acts of Defendant Police Officers Keith Herrera, Frank
Villareal, Margaret Hopkins, Officer Burcinski, Officer Riley and Jerome Finnegan in
falsely arresting and criminally charging Efran Gutierrez were done within the scope
of their employment as Chicago police officers, were willful and wanton, and
therefore the Defendant City of Chicago, as principal, is liable for the actions of its
agents under the doctrine of respondent superior.

WHEREFORE, Plaintiff Efran Gutierrez demand judgment against Defendant
City of Chicago in excess of $8,000,000 plus costs, plus pre-judgment interest and
post-judgment interest at 10% and such other additional relief as this Court deems
equitable and just.

Respectfully Submitted,

EFRAN GUTIERREZ

One of his Attorneys

Stanley L. Hill & Associates
Stanley L. Hill
Nathan A. Billmaier
651 W. Washington Blvd, Suite 205
Chicago, Il 60661

Frank Edwards
Attorney for Plaintiff
4637 S. Lake Park Suite 215E
Chicago, Il 60653
(773) 624-0771

11